## PROSECUTION FOR EXCESSIVELY PUNISHING A CHILD.

Circuit Court of Summit County.

HARVEY MOHR v. STATE OF OHIO.

Decided, October 8, 1908.

*Criminal Law—Cruelly Punishing Child.*

In a prosecution under Section 6984*a*, Revised Statutes, against a father for cruelly and unlawfully punishing his child, it is not proper to charge the jury that the father is the judge as to the mode and severity of the punishment and can not be found guilty for error in judgment, even if the punishment was excessive, nor unless the jury should find he was prompted by malice and ill-will toward the child.

*W. R. Talbot,* for plaintiff.
*H. M. Hagelbarger,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This is an action wherein the plaintiff in error seeks to have this court set aside the judgment of the court of common pleas in affirming the judgment of a justice of the peace, where this defendant was found guilty upon a charge made under Section 6984*a*, of the Revised Statutes, which section reads as follows:

"Whoever tortures, torments, cruelly or unlawfully punishes, or willfully, and negligently deprives of necessary clothing, food, or shelter, any person, or whoever having the control of, or being the parent or guardian of any child or children under the age of sixteen years, willfully abandons such child or children, or willfully, unlawfully or negligently fails to furnish necessary and proper food, clothing or shelter for such child or children shall be fined not more than two hundred dollars nor less than ten dollars, or imprisoned for not more than six months or both."

The charge in this case was that on the 7th of June, 1907, Mohr cruelly and unlawfully punished his little daughter. The evidence shows that he punished his daughter, who was seven years old, on the 7th day of June, 1907; that he struck her

several times—it is uncertain how many times—with a strap. He says that the strap which is attached to the bill of exceptions is the strap with which he punished her. There is testimony to the effect that it was a part of a tug of a harness, but perhaps the weight of the evidence would bring one to the conclusion that it was this strap, which evidently has been used sometimes as a razor strap, and which he says he kept in a drawer for the purpose of using it as a razor strap, and for such other purposes as he might want to use it for. He was asked several times what those purposes were, and he said, any purpose that he might want to use it for, and finally admits he used it sometimes to punish his children with. On the 15th of June Mohr was arrested, and on that day Mr. Scuphlon, who is I believe the health officer in Cuyahoga Falls, and Mr. Weber, who is humane officer of this city, saw the girl and found that there were marks upon her person, black and blue, as they expressed it, at that time, eight days after the punishment. And Weber and Mrs. Richards, the housekeeper of Mohr, found that on the 22d day of June, when the trial was had, the marks were still visible, but they were pretty nearly gone at that time. The child, right after the punishment, dressed herself and played around as before. She cried some at the time of the punishment.

From the evidence we think the jury might well have found that the punishment was cruel. But it is said that the court erred in its charge to the jury and erred in refusing to charge as requested, and for these errors it is said the judgment should be reversed. The court charged the jury in a most praiseworthy way, by saying that he would not take a great deal of time in charging them, but that he would charge them, and he said:

"A parent or guardian of a child is undoubtedly the judge as to when and how a child should be punished, so long as that punishment does not conflict with the law, but when it goes to such an extent that it does conflict with the law then that parent or guardian is just as guilty as though it was some one else who was punishing that child."

The proposition can not be denied that if the father went beyond the law he was doing that which was unlawful. But the

court then read the section of the statute which has already been read. He read that to the jury, so that he was as definite in saying to the jury what would constitute an unlawful punishment as the statute is definite. The language of the statute is:

"Whoever cruelly or unlawfully punishes a child," etc. The court then says, after reading the section: "Now as to the facts that have been brought out before you here, gentlemen, you are to decide upon them. I have no wish to say a word concerning the evidence, and I believe that you all understand from what I have said and what you have heard here what the law is upon this subject. I have prepared the two regular forms of verdict here," etc.

Now, he was requested to give in charge certain propositions, which he refused, and it is urged that it was erroneous to refuse these. The first is:

"The father was the judge as to the mode and severity of the punishment, and for error of judgment, if you find there was error of judgment in punishing his minor daughter, Edith Mohr, the defendant can not be found guilty, even though you should find that the punishment was excessive."

That ought not to have been given in those words, no difference how excessive you find that punishment to be, if the father, in his judgment, thought it was not excessive, you, gentlemen of the jury, have no right to say whether it is excessive. If that had been given and if this father had amputated a finger of that child, cut off a hand of that child so she should never be able to write anything, if, in his judgment, that was the right punishment, then in such case as that, if the father were prosecuted and this charge were given and the jury had accepted it as the law in the case, the father would have had to be returned not guilty. The proposition has some merit to it. It is true the father is the judge, and the court said to the jury that the father is the judge of when he shall punish and for what, and in order that the father may have the authority that it is conceded by the law, at least, that he may have, he must have the authority to judge, but if his judgment warrants a punishment that is shocking to every right thinking man, he is not to be excused,

even though it was an error of judgment on his part; that is to say, the punishment may be so excessive that even though it is an error of judgment and results from that, that it is cruel and the father is liable to punishment.

The second and third propositions are:

"Before you can find the defendant guilty under this affidavit you must find that defendant was prompted by malice and ill will toward his minor daughter, Edith Mohr, in inflicting the punishment in question."

That is the way the second reads, and the third is practically the same. If those propositions had been given and accepted by the jury, they must have found the father not guilty, even though he had punished the child severely because of ill-will that he had to the child's mother or sister or brother. There are men who, for the sake of punishing the mother, and having no ill-will to the child, will excessively punish the child. The fact that a parent has no ill-will to the child won't excuse him from a cruel punishment—so cruel as to be clearly shocking to the sense of right thinking men. An authority was cited to us from the state of North Carolina, and some other authority, going to the very extreme and justifying these charges. We find that they have been criticized, and, we feel justly criticized, and though a good many things were hinted at in this record that might be calculated to induce the jury to think this father was a much more wicked man than he was, which facts were not at all established, still there was no admission of evidence which was objected to that constituted any error, and the judgment is affirmed.

It is questionable perhaps whether it was wise to prosecute it, but we find no error which would justify a reversal.